**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIUS L. WHITE, | : | Civil No. 1:26-cv-1007 |
| | : | |
|       Petitioner | : | (Judge Mariani) |
| | : | |
|     v. | : | |
| | : | |
| WARDEN OF FCI-SCHUYLKILL, | : | |
| | : | |
|       Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Julius White ("White"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"). (Doc. 1). Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the Court will dismiss the petition.

## I.    Background

On February 26, 2025, White was sentenced to a 77-month term of imprisonment, followed by three years of supervised release, after he pled guilty to one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), in the United States District Court for the Western District of New York. *See United States v.*

*White*, No. 6:24-cr-6012 (W.D.N.Y.), Doc. 73.  According to the BOP's inmate locator,

White's projected release date is January 12, 2029.[1]

In the instant habeas petition, White asserts that he is currently participating in the

BOP's Residential Drug Abuse Treatment Program ("RDAP"), and the BOP has informed

him that even if he completes the program, he is ineligible for a reduction of his term of

incarceration for up to one year because the BOP considers his "non-violent offense" as a

"crime of violence."  (Doc. 1, at 2).  White argues that the BOP's definition of "crimes of

violence" in its Program Statement 5162.05[2], as well as 28 C.F.R. § 550.55(b)(5)(i),

exceeds its statutory authority and conflicts with 18 U.S.C. § 3621(e)(2)(B).  (*Id.* at 1).  For

relief, White seeks an Order: (1) determining that the BOP's "policy runs afoul to Federal

law and Congressional intent" and (2) classifying him as eligible to receive the up-to-one-

year reduction in his incarceration if he completes RDAP.  (*Id.* at 3).

## II.    Screening of Habeas Petitions

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §

2254, a district court must promptly review a petition and dismiss it if it is plain from the face

of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254, Rule 4.  District

---

[1]    *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 71041-510) (last visited May 4, 2026).

[2]    As of March 19, 2026, BOP Program Statement 5162.05 was rescinded and replaced with Program Statement 5162.06.  *See* Program Statement 5162.06, Categorization of Offenses, United States Department of Justice, Federal Bureau of Prisons (March 19, 2026), https://www.bop.gov/policy/progstat/5162_006-1.pdf (visited May 4, 2026)).

courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254, Rule 1(b).

### III.    Discussion

#### A.    Residential Drug Abuse Treatment Program

The BOP operates a drug abuse treatment program that identifies inmates in need of substance abuse treatment.  28 C.F.R. § 550.50, *et seq.*  Pursuant to 18 U.S.C. § 3621, "the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment…for all eligible prisoners…" 18 U.S.C. § 3621(e)(1).  To encourage participation in the program, Congress provided for an early release incentive for those successfully completing the program.  *Id.* § 3621(e)(2).  The statute provides that the BOP may reduce, by up to one year, the sentence of a prisoner who: (1) was convicted of a nonviolent offense, and (2) successfully completes the drug abuse treatment program.  *Id.* § 3621(e)(2)(B).  The BOP has broad discretion to determine which prisoners are eligible to participate in the drug treatment program, as well as whether prisoners are eligible for early release upon successful completion of the program.  *Id.* §§ 3621(e)(5)(B), 3621(e)(2)(B).

#### B.    Analysis

White contends that Program Statement 5612.05 and 28 C.F.R. § 550.55 exceed the BOP's statutory authority and conflict with 18 U.S.C. § 3621(e)(2)(B). (Doc. 1 at 1). He argues that the BOP cannot use the sentencing enhancement to deny an inmate eligibility

for a reduced sentence under Section 3621(e)(2)(B) because it does not constitute a "crime of violence." (*Id.* at 2-3). White's arguments lack merit.

In *Lopez v. Davis*, 531 U.S. 230, 239 (2001), the United States Supreme Court held that the BOP permissibly exercised its discretion under Section 3621(e)(2)(B) when it categorically excluded from early release those inmates whose current offense was a felony involving a firearm, notwithstanding that those offenses are defined as "nonviolent" under existing authority. The Supreme Court found that the statute's restriction on early release eligibility to "nonviolent" offenders does not limit the BOP's discretion to determine who among those nonviolent offenders will be granted early release. *Id.*

In the instant case, the regulation White challenges, 28 C.F.R. § 550.55(b)(5)(ii), contains language that is in all relevant respects identical to the regulation the Court upheld in *Lopez*. *Compare* 28 C.F.R. § 550.55(b)(5)(ii) ("As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:...(5) Inmates who have a current felony conviction for:...(ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)."), *with Lopez*, 531 U.S. at 235 ("(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:...(vi) Inmates whose current offense is a felony:...(B) That involved the carrying, possession, or use of a firearm or other dangerous weapon..."

4

(quoting 28 C.F.R. § 550.58(a) (2000))). While 28 C.F.R. § 550.55 excludes inmates convicted of felon in possession of a firearm, it does not expressly exclude inmates convicted of felon in possession of ammunition. However, the BOP issued Program Statement 5162.06, which provides that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits," such as eligibility for early release. *See* Program Statement 5162.06, Categorization of Offenses, United States Department of Justice, Federal Bureau of Prisons (March 19, 2026), https://www.bop.gov/policy/progstat/5162_006-1.pdf (visited May 4, 2026)). Section 922(g) expressly includes within its offense definition felons who possess ammunition. *See* 18 U.S.C. § 922(g) ("It shall be unlawful for any person...who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year...[to] possess...any firearm or ammunition."). Because 18 U.S.C. § 922(g) incorporates within its offense definition felons who possess ammunition, pursuant to Program Statement 5162.06, White's conviction under Section 922(g)(1) for being a felon in possession of ammunition precludes him from early release eligibility under 18 U.S.C. § 3621(e)(2)(B). Thus, because it plainly appears from White's petition that he is not entitled to habeas relief, the Court will dismiss his Section 2241 petition.

5

## IV.    Conclusion

Consistent with the foregoing, the Court will dismiss the Section 2241 petition for writ of habeas corpus.  (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May _____, 2026

6